# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DREW ARNOLD (#96979)**  **CIVIL ACTION NO.**

**VERSUS**  **17-1592-BAJ-EWD**

**STATE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DREW ARNOLD (#96979)** | **CIVIL ACTION NO.** |
| **VERSUS** | **17-1592-BAJ-EWD** |
| **STATE OF LOUISIANA, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, Drew Arnold ("Plaintiff"), an inmate incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the State of Louisiana and James M. LeBlanc alleging his Constitutional rights were violated because the bill of information underlying his criminal conviction was not timely filed.[1] Plaintiff requests "a Declaratory Judgment and Injunctive Relief."[2]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal, however, the §1915A screening process is intended to be conducted either before docketing or, as soon as practicable after docketing, to identify whether any of the claims asserted have merit, while § 1915(e) permits dismissal at any time if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[3] Both statutes are intended

---

[1] R. Doc. 1, p. 11.
[2] R. Doc. 1, p. 7.
[3] *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Additionally, § 1915(e) provides a procedural mechanism for dismissal of those lawsuits that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.

to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[4] A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7] Pleaded facts that are merely improbable or strange, however, are not considered frivolous for purposes of this analysis.[8]

Plaintiff does not specify what declaratory and injunctive relief he seeks, but it appears as though Plaintiff asks this Court to declare his conviction invalid due to an "expired bill"[9] and release Plaintiff. An action under § 1983 is not the proper method by which to bring this claim. Since Plaintiff seeks release from custody the proper procedure is an application for habeas corpus.[10] As the Supreme Court recognized in *Preiser*, "release from penal custody is not an available remedy under the Civil Rights Act."[11] "Use of the Civil Rights Statutes to secure release of persons imprisoned by State Courts would thus have the effect of repealing 28 U.S.C. 2254; of

---

[4] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).
[5] *Id.* at 32-33.
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[7] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] *See* R. Doc. 1, p. 11.
[10] *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973).
[11] *Id.* (internal quotations and citations omitted).

2

course, such was not the intent of Congress."[12]  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*."[13]  Accordingly, Plaintiff's claims seeking release due to an expired bill are not legally cognizable in a § 1983 action.

As Plaintiff's allegations in this case fail to set forth a claim for relief that is cognizable in this Court at this time, Plaintiff's action be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[14]  To the extent Plaintiff seeks to invoke this Court's supplemental jurisdiction over any state law claims on the basis that his conviction violated provisions of the Louisiana Constitution, this Court should decline to exercise such supplemental jurisdiction.  A district court is authorized to decline supplemental jurisdiction if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[15] Since Plaintiff has failed to state a cognizable federal claim, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[12] *Id.* (internal quotations and citations omitted).

[13] *Id.* at 500.  Plaintiff has in fact already challenged his criminal conviction via a habeas petition, but that challenge failed.  *See Drew Arnold v. Frank Blackburn, et al.*, Civil Action No. 84-1069-A (M.D. La. 1984).

[14] Plaintiff filed another case on the same basis which was also dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A and 1915(e).  *See Arnold v. James LeBlanc*, 17-403-SDD-EWD, R. Doc. 8. "Repetitious litigation of virtually identical causes of action is subject to dismissal. . . as malicious."  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (per curiam). *See also Milton v. Gusman*, Civil Action No. 10-cv-3309, 2010 WL 5376459 (E.D. La. Oct. 6, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").  The fact that Plaintiff has already brought these claims in a prior action that was dismissed as frivolous is an independent basis for dismissal.

[15] 28 U.S.C. § 1367.

3

**RECOMMENDATION**

It is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[16]

**IT IS FURTHER RECOMMENDED** that the Court decline supplemental jurisdiction relative to Plaintiff's potential state law claims.

Signed in Baton Rouge, Louisiana, on October 1, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."